```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**BRENDA BAIRD and**
**JANE DOE,**

        **Plaintiffs,**

**v.**                                                    **CIVIL ACTION NO. 2:08-00044**

**CCDC/CCSCC, (also known as)**
**CLAY COUNTY DEVELOPMENT**
**CORPORATION "dba"**
**CLAY SENIOR CITIZENS CENTER,**
**PAMELA TAYLOR,**
**ESCAR TAYLOR,**
**EUNICE THOMAS, and**
**JANET FITZWATER,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Pending before the court are plaintiffs' objections (Doc. No. 53) to Magistrate Judge Mary E. Stanley's discovery order of September 16, 2008 (Doc. No. 49). Having conducted its review of the plaintiffs' objections, as well as defendants' response thereto (Doc. No. 58), the court hereby overrules plaintiffs' objections, affirms the magistrate judge's order, and refers the matter to the magistrate judge for further consideration as detailed below.

### I. Introduction

The magistrate judge's September 16, 2008, discovery order disposed of defendants' motion to compel plaintiffs to respond to

discovery requests. (Doc. No. 47.) In their motion, defendants asserted that plaintiffs had failed to respond to "Defendants' Second Set of Interrogatories, Request for Production of Documents and Things and Request for Admissions to Plaintiff," the deadline for response having elapsed nearly three months prior. (Id. at 2.) Defense counsel detailed attempts she had made to confer with plaintiffs' counsel to resolve the issue, and certified that she had made such attempts in good faith. (Id. at 2-3; id. Ex. D.)

On September 16, 2008, after the time for responding to the motion had elapsed with no word from plaintiffs, the magistrate judge granted the motion to compel. (Doc. No. 49.) Magistrate Judge Stanley found that the time for responding to defendants' discovery requests had passed, and that plaintiffs had failed to serve any response by that date. (Id. at 1.) She further found, pursuant to Federal Rule of Civil Procedure 36(a)(3), that defendants' requests for admission were deemed admitted. (Id. at 1-2.)

Magistrate Judge Stanley warned plaintiffs that, under Rule 37(c), their failure to serve expert witness disclosures could ultimately lead the district court to exclude any information or witnesses not disclosed. (Id. at 2.) She then ordered plaintiffs' counsel to serve all discovery responses by the close of business on September 23, 2008, and set a briefing schedule

regarding an award of reasonable expenses defendants incurred in bringing the motion to compel.  (Id.)

On September 22, 2008, plaintiffs filed a "Motion to Reconsider" the discovery order.  (Doc. No. 53.)  It was later clarified that the motion was to be construed as a Rule 72(a) objection to the magistrate judge's order (Doc. No. 57), and defendants responded before the October 9, 2008, deadline set by the magistrate judge (Doc. No. 58).  Plaintiffs assert that, by simple attorney error, the four pages relevant to defendants' second set of discovery requests were inadvertently omitted from plaintiffs' May 19, 2008, discovery responses.  (Doc. No. 53 at 2.)  Counsel for plaintiffs states that he later recognized his mistake and served the omitted pages upon defendants on September 22, 2008.  (Id.)

## II.  Analysis

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may seek district court review of a magistrate judge's order on a nondispositive matter by filing objections to the order within ten days after being served with a copy.  The rule provides, however, that "[a] party may not assign as error a defect in the order not timely objected to."  Id.  Rule 72(a) dictates that the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Id.

This standard vests "broad discretion" in the magistrate judge with regard to the resolution of discovery disputes. See Clark v. Milam, 155 F.R.D. 546, 547 (S.D. W. Va. 1994)(Haden, J.). Indeed, the clear error standard allows reversal only where, after review of the entire record, the district court is left with the "definite and firm conviction that a mistake has been committed." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

The district court's Rule 72(a) review is further limited in that issues not raised before the magistrate should not be considered. Jesselson v. Outlet Assoc. Of Williamsburg, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)(citing Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988); Borden v. Sec'y of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Brown v. Boats Unlimited, Inc., 128 F.R.D. 23, 24 (D.R.I. 1989)). "This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below." Jesselson, 784 F. Supp. at 1228 (citing Borden, 836 F.2d at 6). Moreover, it effectuates the object of the Magistrates Act, which is "to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work." Jesselson, 784 F. Supp. at 1228 (internal citations omitted).

Although plaintiffs filed no response to defendants' motion to compel, they now object to the magistrate judge's order that the answers to defendants' requests for admission be deemed admitted. They argue that plaintiff Brenda Baird's deposition testimony conflicts with plaintiffs' constructive answers to the requests for admission, and that the sanction imposed is therefore "arbitrary, capricious, and in conflict with previously discovered facts." (Doc. No. 53 at 2-3.) "Also," plaintiffs continue, "by failing to request the inadvertently [un]disclosed answers until nearly three (3) months following the due date, counsel for the Defendants failed to attempt to resolve the discovery dispute in good faith." (Id. at 3.)

There can be no question that the magistrate judge ruled correctly under the circumstances presented to her. To the extent plaintiffs contend that defense counsel made no good faith attempt to resolve the discovery dispute, the court finds no error. Federal Rule of Civil Procedure 37(a)(5)(A) addresses expenses incurred in bringing a successful motion to compel:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In conjunction with filing the motion to compel, defense counsel submitted evidence that she had previously broached the issue with plaintiffs' counsel, as well as her certification to that effect. (Doc. No. 47, Exs. B & D.) Her delay in raising the issue with plaintiffs' counsel does not indicate bad faith; rather, it suggests an appropriate hesitation to bring the matter before the court prematurely.

As for the magistrate judge's finding under Rule 36(a), it is clear that the failure of a party to respond to a request for admission establishes the truth of the matter contained therein. Donovan v. Porter, 584 F. Supp. 202, 207-08 (D. Md. 1984)(citing Batson v. Porter, 154 F.2d 566 (4th Cir. 1946); Weva Oil Corp. v. Belco Petroleum Corp., 68 F.R.D. 663, 666 (N.D. W. Va. 1975)). "It is, however, within the court's discretion to allow untimely answers to requests for admissions, when such an amendment of the admission will not prejudice the other party." Donovan, 584 F. Supp. at 208 (citing Warren v. Int'l Brotherhood of Teamsters, 544 F.2d 334 (8th Cir. 1976); French v. United States, 416 F.2d

1149, 1152 (9th Cir. 1969)).  Allowing untimely answers may be particularly apt where it facilitates resolution of the case on the merits.  See Fed. R. Civ. P. 36(b).

The court is troubled by the disorganized and dilatory nature of plaintiffs' counsel's participation in discovery in this matter.  It is particularly noteworthy that counsel made no response to defendants' motion to compel, instead waiting until the magistrate judge had already entered an adverse ruling before taking action to preserve his case.  Because plaintiffs have now made at least partial responses to the discovery requests at issue (see Doc. No. 52), however, the court will refer the matter to the magistrate judge for consideration of whether to allow plaintiffs' untimely answers.

### III.  Conclusion

A district court's review of a magistrate judge's decisions on nondispositive matters, such as the instant discovery issues, is limited due to the broad discretion vested in magistrate judges under Federal Rule of Civil Procedure 72(a).  Finding no clear error in Magistrate Judge Stanley's September 16, 2008, discovery order, the court **OVERRULES** plaintiffs' objection (Doc. No. 53) and **AFFIRMS** the magistrate judge's order (Doc. No. 49). The court further **REFERS** the matter to Magistrate Judge Stanley for consideration of whether to allow plaintiffs' untimely answers to the requests for admission.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Magistrate Judge Mary E. Stanley, to all counsel of record, and to any unrepresented party.

It is **SO ORDERED** this 20th day of November, 2008.

                                        ENTER:

                                        David A. Faber
                                        United States District Judge